[No. 26687. Department Two. November 8, 1937.]

MICHAEL J. KIRSCH, *Appellant,* v. CATHERINE F. KIRSCH, *Respondent.*[1]

*C. S. Goshert* and *Ned Roney,* for appellant.

*Hammer & Pomeroy* and *Edward J. Burns,* for respondent.

MILLARD, J.—Plaintiff and defendant were married each to the other, December 27, 1905. Shortly thereafter, the couple moved to Seattle. They purchased a lot, upon which the plaintiff built a house largely by his own labor in his spare time.

In 1927, they built a new home on lots purchased with funds received by the plaintiff as compensation for injury to his hand. A great deal of the labor in the construction of this home was performed by the plain-

[1]Reported in 73 P. (2d) 356.

tiff. A mortgage of twenty-two hundred dollars was placed upon this second house, and a mortgage on the first, or small house, in the amount of five hundred dollars, to enable the couple to purchase materials and pay for such labor as could not be performed by the plaintiff.

From the time of their marriage until 1932, all of the earnings of the plaintiff were given to the defendant, who deposited the funds in the bank. Until 1922, the bank account was in the name of the defendant. It was made a joint account in 1922 to enable both parties to issue checks against that account. In 1932, the plaintiff had the account transferred to his own name.

From October, 1927, until October, 1931, the plaintiff was working as a stone sawyer in the state of New York. During this period of time, defendant received approximately nine thousand dollars from the plaintiff's earnings. In 1931, the defendant went to New York and induced her husband to return to Seattle. During all of this period, the defendant received the rent from the small house and also a salary from the Hitt Fire Works Company, her employer.

In 1932, an action for divorce was commenced by the defendant against the plaintiff, which action was dismissed prior to trial. A second action for divorce, commenced by her against the plaintiff in September, 1934, proceeded to trial, but no decree was ever entered. That cause was dismissed and the parties resumed marital relations.

In September, 1936, plaintiff commenced this action for a divorce on the ground of cruelty. Defendant answered and, by cross-complaint, sought a divorce from the plaintiff on the same ground.

The court found that the parties owned community property consisting of a residence, which the parties called the small home, of the value of twelve hundred

dollars, and another residence, which the parties designated as the large home, of the value of thirty-seven hundred fifty dollars. The taxes and interest for the years 1932 and 1935, inclusive, on the large home are unpaid. The only other community property consists of the furniture and fixtures in the two houses and one 1931 model Nash four-door sedan. No children were born as issue of the marriage. The court further found that both plaintiff and defendant have treated each other in a cruel manner, and that they can no longer live together as husband and wife.

A decree was entered granting a divorce to both parties and awarding to the defendant the large home, together with all of the furniture and fixtures located therein. The plaintiff was awarded, as his sole and separate property, the small home, together with the household furniture and fixtures within that house, and the 1931 Nash sedan. The defendant was awarded a lien upon the property of the plaintiff for the amount of taxes and interest due on the large home allotted to her, and the plaintiff was given until February 13, 1945, to pay those taxes and interest thereon. The plaintiff was further required to pay to the defendant one hundred dollars, together with the defendant's costs in the action. Plaintiff appealed.

■ The assignment that the court erred in granting a divorce to respondent is without merit. There is ample evidence upon which to grant to either or both a decree of divorce. It is clear, as found by the trial court, that the parties can not live together as husband and wife, and that a divorce has been properly granted. The appellant desired a divorce. If a decree of divorce was granted in favor of one of the spouses, both are thereby necessarily divorced. If we concluded, as we can not on the record before us, that the court erroneously declared the appellant guilty of cruelty but cor-

rectly found that the respondent was guilty of cruelty, the result would not for that reason be changed. We said in *Schirmer v. Schirmer*, 84 Wash. 1, 145 Pac. 981:

"The only result which would follow is that no blame would attach to the appellant. In short, the appellant's contention upon this question is based upon sentiment rather than substance. In view of this conclusion, the result will not be changed even if we should conclude that the appellant was blameless."

■ The refusal of the court to hear or consider evidence relating to occurrences prior to the divorce action commenced in 1934 is assigned as error. In what particular the appellant was prejudiced by the exclusion of such testimony, we are not informed. No offer of proof as to what appellant would show was ever made. The assignment is, therefore, without merit.

■ Appellant finally complains that a more just and equitable division of the property of the parties should be made. Appellant is fifty-seven years of age. Respondent is fifty-three years old. The record does not disclose what disposition was made of the money deposited in the joint account of the parties. All that our research elicits is that the mortgages on the two properties have been paid and that the earnings of both parties have been expended. It does not follow that the division of the community property was unjust or inequitable merely because the respondent received a larger share of the property than the appellant.

It should be borne in mind that a wide discretion is given to the trial court by the statute (Rem. Rev. Stat., § 989 [P. C. § 7508]) in the division of community property. The trial court found that the appellant's earnings when last employed greatly exceeded that which the respondent could earn, and that the appellant is now capable of earning a substantial salary. The nature of the work of the respondent—she has been employed by the fire works company for more than eight

years—is such that, at the most, she has only a few years remaining in which to earn her livelihood. Her earnings have never been large, and even when able to work, her employment has not been steady nor certain. No alimony was required of the appellant, who was sure that he could obtain a position paying at least ten dollars daily but for the interference of respondent. That interference is now removed. From the record, we can not say the trial court abused the discretion given to it under the statute.

The judgment is affirmed.

STEINERT, C. J., BEALS, GERAGHTY, and ROBINSON, JJ., concur.