[No. 34660.   Department One.   January 2, 1959.]

MARTIN R. FLOYD, *Respondent*, v. ROY C. MYERS *et al.*,
*Appellants.*[1]

[1]Reported in 333 P. (2d) 654.

*Lloyd A. Eyrich* and *Paine, Lowe, Coffin & Herman,* for appellants Myers *et al.*

*MacGillivray, Jones, Clarke & Jones,* for appellants Patrick *et al.*

*Robert L. Bell,* for respondent.

OTT, J.— Roy C. Myers, through his agent, Al Patrick, entered into an executory contract to sell a resort property, known as Camp Diamond, to Martin R. Floyd for one hundred thousand dollars. Floyd transferred title to his general merchandise store at Deer Park, Washington, to Myers and was allowed a credit on the contract of twenty-three thousand eight hundred dollars. The parties assumed possession of their respective properties on July 25, 1955.

Prior to the sale and exchange, Myers and his agent, Patrick, had represented to Floyd that Myers owned the Camp Diamond property free and clear of all encumbrances. Myers' interest, however, was only that of a vendee in a conditional sale contract, with a balance due the owner in excess of fifty thousand dollars. Both Myers and Patrick knew that it would be necessary for Floyd to borrow money in order to meet the October 1st payment on his contract in the sum of four thousand dollars.

After Floyd took possession of the Camp Diamond property, he tried to obtain a loan on his equity in the contract. September 10, 1955, he learned that Myers had only a vendee's interest in the property. Floyd was unable to se-

cure a loan. Floyd approached Myers and Patrick and advised them that, because of Myers' having only a vendee's interest in the property, he was unable to meet the October payment. Floyd was told by Myers not to worry, that " 'we can work something out.' " Myers, Floyd, and Patrick negotiated with others for the resort property without success.

On or about January 12, 1956, Myers served a thirty-day notice on Floyd to pay the balance of the October installment or surrender the premises. After service of the notice, the three parties continued to negotiate to raise money for the installment payment or to dispose of the resort property without loss to Floyd. During these negotiations, Myers assured Floyd that the situation would be resolved to the satisfaction of all concerned. On or about March 11, 1956, Myers put another purchaser in possession of the resort property and, two days later, gave Floyd notice of his election to forfeit the contract because of the default.

Floyd offered to rescind the contract, conditioned upon his being placed in *status quo*. The offer was refused. Floyd brought this action against Myers and Patrick, seeking rescission of the contract upon the ground of fraud and damages resulting therefrom.

The cause was tried to the court, resulting in a judgment for the plaintiff. Myers and Patrick appeal.

Appellants assert sixteen assignments of error, challenging the sufficiency of the evidence to sustain the trial court's findings of fact. Three of the sixteen assignments principally relied upon are as follows:

(1) Floyd alone testified to the alleged fraudulent misrepresentation, and fraud cannot be proved by the testimony of the respondent alone.

■ We find no merit in this contention for two reasons: (a) The witness Stanley Castle corroborated the testimony of Floyd as to the representation relied upon, and (b) the representation is established by the testimony of the interested party alone, if believed by the trier of the facts. *Mathewson v. Carlson*, 13 Wn. (2d) 363, 125 P. (2d) 272

(1942); *Grosgebauer v. Schneider*, 177 Wash. 43, 31 P. (2d) 90 (1934).

(2) The representation that the property was free of encumbrance was harmless and, hence, not fraudulent.

■ We find no merit in this contention for the reason that this court has held such representations do sustain a finding of fraud. *Crawford v. Armacost*, 85 Wash. 622, 149 Pac. 31 (1915). Further, the record discloses that the representation did, in fact, prove injurious to the respondent, for the reason that it was a material defect in the title which prevented him from raising the amount of the installment payment.

(3) The respondent had no right to rely upon the representation, if made, for the reason that the public record established ownership in another, and, further, respondent had knowledge of an escrow agreement relating to the Camp Diamond property.

■ We find no merit in this contention for two reasons: (a) When a purchaser makes inquiry of the seller concerning a material matter within the seller's knowledge, the seller owes a duty to the purchaser to answer truthfully. *Lincoln v. Keene*, 51 Wn. (2d) 171, 316 P. (2d) 899 (1957). Further, a purchaser has a right to rely upon the representations of a seller relative to his title to property offered for sale, and is thereby relieved of inquiry into the public record. *Petersen v. Graham*, 7 Wn. (2d) 464, 110 P. (2d) 149 (1941). (b) The record discloses that Floyd's inquiry at the bank relative to the escrow resulted in no information to him concerning Myers' title to the property.

■ With reference to the remaining assignments of error directed to the sufficiency of the evidence to sustain the court's findings, the record discloses that the evidence presented was conflicting, and the trial court, in the proper exercise of its discretion, is privileged to believe the evidence offered by either party. *Gattavara v. Scheumann*, 51 Wn. (2d) 55, 315 P. (2d) 649 (1957); *Walker v. Herke*, 20 Wn. (2d) 239, 147 P. (2d) 255 (1944). Our examination of the record convinces us that there was substantial evidence

to sustain the trial court's findings. We find no merit in any of the assignments of error attacking the sufficiency of the evidence to support those findings.

■ Appellants assign error to the trial court's admission of the testimony of John Kvame relating to his independent and separate transaction with Myers and Patrick. Appellants did not object to the admission of the testimony of this witness during the trial, and cannot raise the objection for the first time on appeal. *Omeitt v. Department of Labor & Industries*, 21 Wn. (2d) 684, 152 P. (2d) 973 (1944).

Appellants assign error to the sustaining of respondent's objection to the testimony of the witness Sheire as to his assignment and deed to Myers covering Camp Diamond.

■ The appellants have not shown in what manner the questioned testimony prejudiced their cause. Error in the admission of testimony is not reversible, in the absence of a showing of prejudice. *Kirsch v. Kirsch*, 192 Wash. 156, 73 P. (2d) 356 (1937).

Appellants assign error to the trial court's conclusion of law that the subsequent conduct of appellant Myers constituted a waiver of the notice of forfeiture.

Since we have upheld the trial court in its determination that Floyd was entitled to a rescission of the contract because of fraud, we do not reach the question of the validity of the notice of forfeiture.

With reference to the appellants' assignment of error relative to the amount of the judgment allowed by the court in favor of respondent, we find that the damages allowed are well within respondent's proof.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and HUNTER, JJ., concur.

March 30, 1959. Petition for rehearing denied.