[No. 36303.    Department One.    March 28, 1963.]

DOLORES MEEKS, *Respondent,* v. WARD W. MEEKS, *Appellant.**

*Coulter & Lee* and *Raymond J. Lee,* for appellant.

*Wright, Wendells, Froelich & Power,* for respondent.

PER CURIAM.—This is an appeal on a short record by the defendant (appellant) husband from a divorce decree. The defendant assigns error to the division of the property and the awarding of attorney, accountant and appraisers' fees to the plaintiff (respondent) wife.

The defendant contends the value placed upon the community trucking business by the trial court, for the purpose of making an equitable division of the community property, was incorrectly determined. The evidence on this issue was in sharp dispute. The trial court weighed the evidence and, apparently, placed little reliance on the

*Reported in 379 P. (2d) 982.

opinion testimony of the defendant's expert accountant. The court in its findings stated that it based its findings and conclusions on the opinion testimony of the plaintiff's expert accountant as well as other evidence of valuation which was submitted during the trial. The defendant is, in effect, asking this court to substitute its judgment for that of the trial court on a disputed factual issue. This we cannot do. See *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 343 P. (2d) 183 (1959). The assignment of error is therefore without merit.

■ The defendant contends the sum awarded in conclusion of law No. VII is inconsistent with finding of fact No. VI. The defendant's statement of points makes no mention of this assignment of error and it, therefore, cannot be considered on this appeal. In *Palmer v. Waterman S. S. Corp.,* 52 Wn. (2d) 604, 328 P. (2d) 169 (1958), we said:

"This case is before us on a short record, and this error was not included in the statement of points to be relied upon. Neither the court, in making its certificate, nor opposing counsel, who had the right to propose amendments to the statement of facts, had an opportunity to pass upon the sufficiency of the record with regard to this assignment of error. It, therefore, cannot be considered upon appeal."

■ The defendant contends the trial court erred in granting the plaintiff certain attorney, accountant and appraisers' fees. According to the certificate of the trial judge, the short record furnished by the defendant is a summary of the evidence, together with exhibits attached, relating *only* to the real and personal property owned by the parties. This does not completely disclose the need of the wife or the financial ability of the husband. The record is therefore insufficient for our review of this assignment of error.

The judgment of the trial court is affirmed.