[No. 36647. Department Two. October 17, 1963.]

HYDRO-PLASTICS PIPE AND TANK COMPANY, *Respondent*, v. CHARLES BURHANS et al., *Appellants*.*

*Jones & Cyphers*, by *Edmund J. Jones*, for appellants.

*Robert C. Bibb*, for respondent.

MURRAY, J.[†]—This appeal is from a judgment dismissing appellants' counterclaim, after trial to the court. This case arises out of the manufacture and sale of fiberglass poly-ester pipe which failed when placed in service by the purchaser.

*Reported in 385 P. (2d) 733.

[†]Judge Murray is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

At the close of appellants' case on the counterclaim, the court sustained respondent's motion for a nonsuit. The court, in passing upon the motion, weighed the evidence and made findings of fact. This was proper procedure. *Lambuth v. Stetson & Post Mill Co.*, 14 Wash. 187, 44 Pac. 148 (1896); *Rohda v. Boen*, 45 Wn. (2d) 553, 276 P. (2d) 586 (1954); *Hodges v. Gronvold*, 54 Wn. (2d) 478, 341 P. (2d) 857 (1959). Those findings are before this court and will be accepted if there is substantial evidence in the record to support them. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959); *Rice v. Johnson*, 62 Wn. (2d) 591, 384 P. (2d) 383 (1963).

The court found, among other facts, the following: That appellants acted as sales representatives for respondent; that a purchase order was received by the appellants and by them given to respondent, who began to manufacture 3,000 feet of 10-inch filament-wound polyester pipe ". . . having a minimum of 4-plys, a minimum of wall thickness of .12 inches, a gel coat, and to withstand 200 psi burst strength at a continuous 240°F service. . . ."; that this order was modified and a greater amount of resin was substituted for the gel coat; and that as a result thereof, the average thickness of the pipe was reduced from .12 inches to .09 inches.

The trial court also found there were no express warranties upon which appellants relied in purchasing the pipe; that the appellants did not rely on respondent's skill or judgment with respect to the quality or fitness of the pipe in question, and there was no implied warranty of fitness for purpose; that the sale in question was not a sale by description and there was no implied warranty that the goods would be of merchantable quality.

In addition, finding No. 15 was in part as follows:

". . . That the evidence and the opinions of the experts called by the parties are in conflict as to the maximum pressures on the pipe in the line and whether the same exceeded 200 psi at 240 F° or its correlative pressure at 160-185 F° and whether or not vacuum existed. The evidence does not preponderate that had the pipe been of a minimum .12 inch thickness and had it contained not in

excess of 10% flexible resin that the pipe would not have failed, or would have met a 200 psi burst strength at 240 °F."

The trial court weighed the evidence, made findings, and granted a nonsuit on the counterclaim. This court has reviewed the record and is satisfied that the evidence supports the findings.

The judgment is affirmed.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

November 22, 1963. Petition for rehearing denied.