[No. 36558. Department One. November 7, 1963.]

JOSEPH L. ADAMEC et al., *Respondents*, v. A. WALTER MCCRAY et al., *Appellants*.*

*Reseburg, Duncan & Therriault*, for appellants.

*Fey, Wheeler & Watkins*, for respondents.

HUNTER, J.—This is an appeal from a judgment for the plaintiffs entered in an action tried before the court without a jury to quiet title to certain lands submerged in Lake Union in Seattle.

In 1952, the plaintiffs (respondents), Joseph Adamec and wife, acquired the North 120 feet of Lot 9, Block 54, Lake Union Shorelands, an addition to Seattle, King County, Washington. The plaintiffs and their predecessor in interest used the property for renting houseboats and space for houseboats. In 1942, the defendants (appellants), Walter McCray and his wife, acquired the title to Lot 10, the parcel immediately north of the plaintiffs' property.

*Reported in 386 P. (2d) 427.

The defendants presented evidence tending to show that from 1942 to 1950 they rented space for houseboats, and that during this period at least two of these houseboats were moored to a piling located south of their property line on the land of the plaintiffs. In 1950 they had the land surveyed preparatory to building a boat moorage. The survey showed that their property line was north of the pilings, and the moorage was built on the new boundary. Due to an error in the survey, however, the moorage was built so that it formed a wedge-shaped encroachment over the plaintiffs' land. At the smallest end of the wedge, near the shore, the boat moorage encroaches 10 inches; at the farthermost end, out in the lake, it encroaches 7½ feet.

The plaintiffs brought this action 9½ years after the boat moorage was built. The defendants answered and counterclaimed alleging that they obtained title to the disputed portion by adverse possession for more than 10 years. The trial court entered judgment quieting title in the plaintiffs to all of the contested area; directed that defendants remove their moorage from the plaintiffs' premises within 180 days from the entry of the decree or the filing of the remittitur, if any; and awarded the plaintiffs nominal damages in the sum of $100. The defendants appeal.

The defendants assign error to the trial court's finding of fact No. 4:

"That the Defendants, McCrays' evidence as to the nature and extent of their possession of the area of encroachment prior to the construction of the boat moorage is so indefinite and speculative that it is not possible to define the area occupied or to say that the Defendants claimed the area or that such possession was open or notorious or exclusive."

The defendants contend that there was uncontradicted evidence that they occupied the area used by the boat moorage for 18 years, and that this occupancy was adverse to the title of the plaintiffs. We do not find the record to be so clear. Mrs. Antic, a lessee of the plaintiffs for 6 years prior to 1951, testified there were no houseboats on the defendants' property that encroached over the plaintiffs' property. There was a dispute as to where the houseboats

were secured and the area they occupied. The testimony was not clear as to the time, place, and nature of the occupancy. The record shows that it was customary for houseboats to be secured to existing moorages regardless of location, simply as a matter of convenience. After weighing the evidence the trial court stated in its oral opinion:

"The difficulty with this case, gentlemen, is facts. Most parties obviously never want to have the property of another. That has nothing to do with the Court or the law. The trouble with the facts here on adverse possession is there is no adversity.

"These houseboats were coming and going like tenants with no claim by either party to give notice to the other that there was any claim of land ownership.

". . .

"I have no evidence here by which I can find any particular houseboat at any particular place was on or over this line.

"The dolphin referred to is Mrs. Antic's dolphin and they were tied up to that.

"At a period of time prior to 1950, sometime in 1948 or '49 there wasn't anything on the land.

"The operation of this thing at the time it was supposed to be adverse just has no adversity in it.

"I am not saying that the principle of either of these people claiming land of the other is involved. It is the factual matter that the nature of occupation by these houseboats in the water area concerned was too speculative for me to say now that either party has obtained any rights thereby."

█ We cannot substitute our judgment for that of the trial court on disputed factual issues. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959). Therefore, the trial court's finding cannot be overturned by this court.

The defendants assign error to the trial court's refusal to balance the equities between the parties and leave the plaintiffs to their remedy at law.

█ The doctrine of balancing the equities provides that where, by mistake, a building is erected that slightly encroaches, and the damage to the owner of the building is greatly disproportionate to the injury sustained by the

landowner, the court may decline to order its removal and leave the complaining party to his remedy at law. 28 Am. Jur., Injunctions § 53. The cases where this doctrine is applied deal with instances where a cornice projects a few inches on another's land, or the wall of a great building encroaches a few inches. No Washington case can be found in support of the doctrine. In *Tyree v. Gosa*, 11 Wn. (2d) 572, 119 P. (2d) 926 (1941), the court was asked to balance the equities. We said:

"It is very difficult to see how one can get an equity in the land of another by merely building upon it, however innocently. . . ."

We find that the facts necessary for the application of the doctrine are not present in the instant case; therefore, we need not now determine whether it should be followed in this state.

The plaintiffs contend this appeal is prosecuted for delay only and urge the court to award damages pursuant to Rule on Appeal 62. We see no merit in this contention. We are satisfied the appeal was in good faith. *Greene v. Union Pac. Stages*, 182 Wash. 143, 45 P. (2d) 611 (1935); *Ferrandini v. Bankers Life Ass'n*, 51 Wash. 442, 99 Pac. 6 (1909).

The judgment of the trial court is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.