[No. 37848.   Department Two.   June 9, 1966.]

VICTOR C. HUGHES *et al., Appellants,* v. SCHUYLER D. STUSSER *et al., Respondents.*\*

*Bateman, Reed, McClure & Moceri,* by *Richard C. Reed* and *Thomas W. Huber,* for appellants.

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* by *David F. Hiscock,* for respondents.

\*Reported in 415 P.2d 89.

FINLEY, J.—Of the forms of animal life known to modern science, few, if any, classifications other than Homo sapiens have been the subject of as much legal controversy as the members of the order *Isoptera*. The species involved in this particular lawsuit does not appear in the record, but it is likely it was from the genus *Reticulitermes* of the family of *Rhinotermitidae*,[1] known to the nonbiologically oriented as "termites." The wooden edifices of man represent nothing more to these despicable insects than an abundant source of cellulose, which is their principal food.

The plaintiffs herein, Mr. and Mrs. Hughes, purchased a 36-year-old residence from the defendants, Mr. and Mrs. Stusser. They subsequently brought this action for damages for the allegedly fraudulent failure of the Stussers to disclose a concealed dry rot and termite condition known to the vendors at the time of sale, but not observable upon reasonable inspection by the purchasers. At the conclusion of the plaintiffs' case, the trial court sitting without a jury entered a judgment dismissing the complaint for lack of sufficient evidence. The plaintiffs have appealed.

Initially, the distinction between dismissals in jury and nonjury cases should be noted. In considering a defendant's motion to dismiss in a jury-tried case, the trial judge must view the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff in determining whether the plaintiff is entitled to have his case submitted to the jury. *Messina v. Rhodes Co.*, 67 Wn.2d 19, 406 P.2d 312 (1965); *Miller v. Payless Drug Stores*, 61 Wn.2d 651, 379 P.2d 932 (1963); *Lambert v. Smith*, 54 Wn.2d 348, 340 P.2d 774 (1959). But, in a case tried to the court, the trial judge is permitted to weigh the evidence and to make findings of fact in ruling on the defendant's motion challenging the sufficiency of the evidence. *Hydro-Plastics Pipe & Tank Co. v. Burhans*, 63 Wn.2d 168, 385 P.2d 733 (1963); *Hodges v. Gronvold*, 54 Wn.2d 478, 341 P.2d 857 (1959); *Rohda v. Boen*, 45 Wn.2d 553, 276 P.2d 586 (1954);

---

[1] 22 Collier's Encyclopedia, Termite 175, 177.

*Lambuth v. Stetson & Post Mill Co.*, 14 Wash. 187, 44 Pac. 148 (1896).

In the instant case the trial judge properly entered findings of fact in ruling on the defendant's motion challenging the sufficiency of the plaintiff's evidence. Those findings are before this court and will be accepted if there is substantial evidence in the record to support them. *Macchia v. Salvino*, 64 Wn.2d 951, 395 P.2d 177 (1964); *Meeks v. Meeks*, 61 Wn.2d 697, 379 P.2d 982 (1963); *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). The trial court is obviously best situated to judge of the credibility of the witnesses, and this court will not substitute its judgment for that of the trial court on a disputed factual issue. *Adamec v. McCray*, 63 Wn.2d 217, 386 P.2d 427 (1963); *Meeks v. Meeks, supra.*

Appellant's first assignment of error is directed to two findings of fact entered by the trial court. Findings of fact Nos. VII and IX read as follows:

VII. That defendants were at no time aware of the existence of any termites or termite tunneling prior to the inception of this lawsuit.
IX. That in addition to the foregoing findings by this Court that defendants were at the time of the sale totally unaware of the existence of any dry rot or termite damage in the premises, the Court has also concluded that plaintiffs failed to sustain the necessary burden of proof on their claim of fraud by the necessary clear, cogent and convincing evidence.

The appellants' theory of recovery was fraudulent misrepresentation and concealment; hence, there can be no question that the appellants had to prove fraud by clear, cogent and convincing evidence, not simply by a mere preponderance. *Bland v. Mentor*, 63 Wn.2d 150, 385 P.2d 727 (1963); *Ramsey v. Mading*, 36 Wn.2d 303, 217 P.2d 1041 (1950). It is true that fraud can be established by the direct testimony alone of an interested party. *Floyd v. Myers*, 53 Wn.2d 351, 333 P.2d 654 (1959). But the trier of the facts, where the evidence is conflicting, may believe entirely the testimony of one party and disbelieve the testimony of the other party. *Delegan v. White*, 59 Wn.2d 510, 368 P.2d 682 (1962). In the

instant litigation, the trial judge obviously believed the testimony of the Stussers to the effect that they had no knowledge of any termite condition at the time of sale. Appellants' theory is apparently that termites had so permeated the interior walls of the house that the Stussers must have known of their existence. It is interesting to note that Mr. Hughes did not discover the termites until December of 1962—some 4 months after the Hughes initially acquired possession of the residence from the Stussers. We conclude that there was substantial evidence in the record to sustain the trial court's finding of fact that the Stussers had no knowledge of the existence of termites in the former residence until the initiation of this lawsuit.

Appellants' second assignment of error also concerns a disputed fact issue: whether the vendors (the Stussers) had any knowledge of a concealed dry rot condition in the residence at the time of the sale. The gravamen of the appellants' theory in this respect is that the respondents, during the course of repair work in the fall of 1954, and also during some remodeling in 1959 and 1960, deliberately concealed a dry rot condition. The pertinent findings of fact entered by the trial court indicate that the respondents, during their occupancy of the premsies, did discover and replace rotted wood from portions of the house and garage; *but at the time of the sale they were totally unaware of any existing dry-rot condition.* Once again, we will not substitute our judgment for that of the trial judge on a disputed fact question where there is substantial evidence in the record to sustain the trial judge's conclusion.

Appellants' third assignment of error is essentially an attempt to fit the facts of the instant litigation within the rule of *Obde v. Schlemeyer,* 56 Wn.2d 449, 353 P.2d 672 (1960). *Obde* is a classic example of fraudulent concealment. The defendants therein, the Schlemeyers, discovered a widespread termite infestation in an apartment house which they had purchased. After being allowed a price adjustment by their vendor, they proceeded to conceal the condition and put the property back on the market only 3 months after they had purchased it—and only a few weeks

after initially discovering the termites. The Schlemeyers argued that they had no affirmative duty to inform the purchaser of the termite condition, emphasizing the fact that the Obdes had not asked any questions concerning the existence of a termite condition. We held that such an affirmative duty was requisite as between vendor and purchaser, even though the parties were dealing at "arm's length." Termite infestation can obviously become a serious and dangerous condition, and if known to the vendor it must in good faith be disclosed to the purchaser. Caveat emptor is no longer rigidly applied to the complete exclusion of any moral and legal obligation to disclose material facts not readily observable upon reasonable inspection by the purchaser.

However, *Obde v. Schlemeyer, supra,* is clearly distinguishable from the instant case in that no error was assigned to the trial court's findings of fact in *Obde.* Thus, it was uncontroverted that the Schlemeyers knew of the extent of the termite infestation. They knew that the repairs undertaken by a pest control expert, *whom they had hired, simply removed the superficial or surface evidence of termites.* They knew this did not remove the colony of insects, busily and naturally engaged in perpetuating themselves, but also in the process feeding and wreaking havoc upon structural and other wooden parts of the apartment house. The trial court in the instant case expressly found that the respondents had no knowledge of an existing termite or dry-rot condition *at the time of the sale.* We have previously indicated that there is substantial evidence in the record to support that conclusion; hence, there could be no affirmative duty to disclose to Mr. and Mrs. Hughes the conditions of which the Stussers had no knowledge! Correlatively, the Stussers could not *conceal* a condition unknown to them. They may have known of the existence of dry rot in one portion of the house some 8 or 9 years prior to the date of sale, but they had no knowledge of an existing dry-rot condition in the summer of 1962.

The appellant's fourth and last assignment of error concerns the alleged error of law of the trial court in dispos-

ing of this case on a theory of caveat emptor. The appellants properly refer to the trial judge's oral decision in their efforts in attempting to clarify his findings and conclusions. *Heikkinen v. Hansen,* 57 Wn.2d 840, 360 P.2d 147 (1961). The learned trial judge did make reference to that principle and to a buyer's duty to investigate carefully the premises before purchasing. Appellants' principal point in this respect is that even the hiring of an expert appraiser would not have revealed the "concealed" dry-rot and termite conditions. The appellants assume that the deleterious conditions had been "concealed" by the respondents. The trial court expressly found to the contrary. Furthermore, reference to the buyer's duty to investigate, and to caveat emptor, means nothing more than saying that the risks of latent defects in residences ought to fall on the purchaser rather than the vendor *where those defects are unknown to the vendor.*

We conclude that the proper result was reached by the trial court in the dismissal of the appellants' case. The judgment of the trial court should be affirmed. It is so ordered.

ROSELLINI, C. J., HAMILTON, J., and COCHRAN, J. Pro Tem., concur.

DONWORTH, J., concurs in the result.