[No. 38796.    Department Two.    June 8, 1967.]

ORLY J. SORREL, *Respondent*, v. JOSEPHA HAIGHT, *Appellant*.*

*Arthur A. Giblin*, for appellant.

*Nicolai, Montgomery & Sorrel* and *Max R. Nicolai*, for respondent.

LANGENBACH, J.†—Respondent, an attorney, sued appellant, a former client, for the balance due on a promissory note.

Respondent has moved to dismiss the appeal on the grounds that appellant failed to assign error to the entry of judgment (from which the notice of appeal was taken) and to the conclusions of law (which need not be set out in the brief, *Kane v. Klos*, 50 Wn.2d 778, 314 P.2d 672 (1957)). We will consider the appeal on its merits.

Respondent had represented appellant when she was the defendant in a contested divorce action. His compensation was at the rate of $20 per hour. Following the divorce action appellant brought suit for the alienation of her husband's affections. (Respondent represented appellant in this case as

*Reported in 429 P.2d 212.

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

well.) The defendant, in the alienation case, counterclaimed for defamation of character.

Appellant was behind in her payments on the divorce account and with the date for trial of the alienation suit approaching, she executed the note in issue for the balance of the divorce case fees and the alienation case retainer. Subsequently, the alienation action was dismissed upon stipulation prior to trial.

Thereafter, a controversy arose between appellant and her counsel (the respondent herein) concerning the latter's compensation in the alienation action. Appellant contended that respondent, unsatisfied with the outcome of the divorce action had agreed to prosecute the alienation action "for free."

Appellant made some payments on respondent's note and then stopped. When sued on that note she interposed several affirmative defenses: Duress in forcing her to sign this note when the trial in the alienation action was imminent and after respondent had agreed to handle that case "for free"; duress in forcing her to stipulate to the dismissal of the alienation action; misuse of a trust fund and overcharge of fees.

■ There were eight assignments of error, four of which were directed against statements contained in the trial court's memorandum opinion and as such do not constitute proper assignments of error. *Edward L. Eyre & Co. v. Hirsch,* 36 Wn.2d 439, 218 P.2d 888 (1950).

Assignments of error 1, 2, 4 and 5 assign error to five findings of fact. The record contains a very thorough analysis by the trial court of the various defenses and allegations of appellant in its memorandum opinion. Its conclusions were embodied in the comprehensive findings of fact entered in the case. The record shows substantial facts, apparently believed by the trial court, which support the judgment.

■ Under such circumstances, the many decisions of this court indicate that this factual determination is within the peculiar realm of the trial court's discretion. The Supreme

Court cannot substitute its judgment for that of the trial court on disputed factual issues. *Adamec v. McCray*, 63 Wn.2d 217, 386 P.2d 427 (1963).

We note that the trial court refused to find the facts as argued by appellant and the court completely exonerated respondent from the charges of improper practices. The evidence amply supported the trial court in this conclusion.

The judgment is affirmed.

FINLEY C. J., DONWORTH, HUNTER, and NEILL, JJ., concur.

August 14, 1967. Petition for rehearing denied.