WILBUR B. MCPHERSON, ET AL, *Appellants*, v. ROBERT
A. PURDUE, ET AL, *Respondents*.

*Gould & Russo* and *Robert B. Gould*, for appellants.

*Inslee, Best, Chapin & Doezie* and *Elmayah Doezie*, for
respondents.

DORE, J.—This action arises from a trustee's foreclosure
sale on a deed of trust. Warren and Wilbur McPherson
appeal from a summary judgment dismissing their com-
plaint to quiet title, establish a prescriptive easement, and
recover damages.

ISSUES

1. Does a trustee of a deed of trust have a duty to dis-
close a defect in title to prospective purchasers on
foreclosure?

2. Does a trustee of a deed of trust who is an agent of the beneficiary owe a duty to disclose a defect in title to prospective purchasers on foreclosure?

## DECISION

ISSUES 1 and 2. Herbert O'Brien conveyed a 10–acre parcel of real property located east of Woodinville, King County, by a deed of trust naming Bank of the West as beneficiary. The deed of trust purported to convey two easements along with the 10 acres; unfortunately, O'Brien had title to only one of them. When O'Brien subsequently defaulted on the obligation underlying the deed of trust, Bank of the West requested trustee Doezie to conduct a nonjudicial foreclosure sale of the property under RCW 61.24. Doezie was an attorney in private practice who did approximately 95 percent of Bank of the West's legal work.

Viewing the evidence most favorably to the McPhersons, as we must, *Pine Corp. v. Richardson*, 12 Wn. App. 459, 530 P.2d 696 (1975); *Clarke v. Alstores Realty Corp.*, 11 Wn. App. 942, 527 P.2d 698 (1974), Doezie knew prior to the sale that one of the easements was not properly included in the interest to be foreclosed under the deed of trust. He proceeded to publish the required notices and conducted the trustee's foreclosure sale on June 13, 1975. The property was sold at auction to Warren McPherson and his attorney, who received a trustee's deed from Doezie. (McPherson's attorney later conveyed his interest to Wilbur McPherson as a gift.) The notices and the deed all purported to convey both easements but also disclaimed all express or implied warranties of sale, possession, or encumbrances.

The McPhersons contend that Doezie had an affirmative duty to inform prospective purchasers of the defect in title because he was on notice that he had no legal right to convey the second easement and, because he was Bank of the West's attorney, he could not legally act as trustee. We disagree.

There is no language in the Washington trust deed act, RCW 61.24, which specifically resolves the issue before us, nor is there any Washington case law in point.

RCW 61.24.050 describes the basic duty of the trustee at a foreclosure sale:

> The deed of the trustee, executed to the purchaser, shall convey the interest in the property which the grantor had or had the power to convey at the time of the execution by him of the deed of trust, and such as he may have thereafter acquired.

■ The nature of this duty has been elaborated upon elsewhere as follows:

> The trustee sells the title he receives. It is not his duty to guarantee the title in any way or to assure anyone that it is good and marketable. Even if that title be defective, the trustee must still on proper demand proceed to sell such title as he took.

*Brown v. Busch,* 152 Cal. App. 2d 200, 313 P.2d 19, 21 (1957). This statement is supportive of the policy underlying RCW 61.24. Requiring the trustee to guarantee title or make disclosures concerning defects would necessarily involve greater time and expense on his part, and these added burdens would be ultimately borne by the lender and purchaser. *See Peoples Nat'l Bank v. Ostrander,* 6 Wn. App. 28, 31, 491 P.2d 1058 (1971).

Several courts have applied the rule of caveat emptor to sales based on foreclosure of deeds of trust (or mortgages). *Feldman v. Rucker,* 201 Va. 11, 109 S.E.2d 379 (1959); *Ivrey v. Karr,* 182 Md. 463, 34 A.2d 847 (1943); *Adams v. Boyd,* 332 Mo. 484, 58 S.W.2d 704 (1933); *Buckman v. Bragaw,* 192 N.C. 152, 134 S.E. 422 (1926). The reasons for the application of the rule of caveat emptor to such sales were set forth in *Feldman v. Rucker, supra* at 20:

> "Such a trustee is an agent acting under a power of sale. He has no powers except those conferred upon him by the deed of trust. He is agent for both parties, the owner and the lienor, under duties to them. Among those duties is that of bringing 'the property to the hammer

under every possible advantage to his *cestui que trusts*,' using all reasonable diligence to obtain the best price. To the bidders he owes no duty except to refrain actively from doing anything to hamper them in their search for information or to prevent the discovery of defects by inspection. He is under no duty to make representations or to answer questions; but if questions are asked and he undertakes to answer, then such answers must be full and accurate—nothing must then be concealed.

In this state, the rule of caveat emptor is no longer rigidly applied to the complete exclusion of any moral and legal obligation to disclose material facts not readily observable upon reasonable inspection by the purchaser. *Hughes v. Stusser,* 68 Wn.2d 707, 415 P.2d 89 (1966). The material fact here was the absence of any title to an easement which the deed of trust purported to convey. Examination of the chain of title would have revealed this defect. McPherson could have readily discovered his material fact by an inspection of the chain of title in the object case, and he was not entitled to rely on the trustee's silence in this matter.

McPherson argues that Doezie had a duty of disclosure because he was an agent of the beneficiary. Former RCW 61.24.020 prohibited such persons as Doezie from acting as trustee; this prohibition was removed by Laws of 1975, 1st Ex. Sess., ch. 129, § 2, which did not become effective until September 8, 1975, some 3 months after the trustee's sale here. Although Doezie was the agent of Bank of the West and could not legally act as trustee, McPherson does not challenge this illegality in order to set aside the sale. Regardless of the legality of Doezie's trusteeship, his status as Bank of the West's agent did not affect his duty to prospective buyers because, performing as trustee, Doezie was *required* to act as the agent of the beneficiary in foreclosing the deed of trust. *See Feldman v. Rucker, supra.* Doezie would only have owed a duty to prospective purchasers if he had made any representations or answered any questions concerning title; in that case, he would have owed

them a duty of full and accurate disclosure. *Feldman v. Rucker, supra; Ivrey v. Karr, supra.* Offering the property for sale as described in the deed of trust was all that Doezie was required to do, *Ivrey v. Karr, supra,* and his disclaimers of warranty of title or encumbrances were sufficient to negate the existence of even that limited duty on his part.

Affirmed.

FARRIS, C.J., and WILLIAMS, J., concur.

Reconsideration denied December 20, 1978.

[No. 5333–1.   Division One.   October 9, 1978.]