[No. 19203-2-III. Division Three. December 11, 2001.]

GARY MANN, ET AL., *Appellants*, v. HOUSEHOLD FINANCE CORPORATION III, ET AL., *Respondents*.

*Patrick R. Acres*, for appellants.

*Michael A. Padilla*; and *Jerome R. Aiken* (of *Meyer, Fluegge & Tenney*), for respondents.

SCHULTHEIS, J. — Gary and Janet Mann successfully bid at a deed of trust foreclosure sale of an Electric City residence. Unfortunately, they did not know that the property had a senior deed of trust. Household Finance Corporation foreclosed on the senior deed of trust and bought it at a subsequent trustee's sale. The Manns sued Household and its foreclosing trustee, DCBL, Inc., for damages caused by negligent misrepresentation. Finding that Household and DCBL did not attempt to misrepresent the facts, the trial court dismissed the Manns' complaint on summary judgment. On appeal, the Manns contend language in the notice of trustee's sale was misleading to their detriment. We disagree, and affirm.

FACTS

According to the record, the property in question was originally purchased by Richard and Mary Borup. Household made two loans to the Borups, secured by two deeds of trust on the property. The first deed of trust (senior deed of trust), dated August 25, 1994, secured a loan of up to $47,200. The second deed of trust (junior deed of trust), dated April 25, 1996, secured a loan of $15,800.

DCBL, as the appointed successor trustee to Household, began foreclosure proceedings against the junior deed of trust in October 1997. The notice of trustee's sale on this

junior deed listed two defaults causing the foreclosure: (1) delinquent monthly payments from December 1996 through October 1997, and (2) "[f]ailure to keep 1st Deed of Trust current and to pay 1996 through 1997 General Taxes, plus penalties and interest, if any." Clerk's Papers (CP) at 57, 126. The notice also contained the following language pursuant to RCW 61.24.040: "The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property." CP at 58, 127.

Mr. Mann saw the notice of the trustee's sale in the newspaper, visited the property, and attended the sale on February 20, 1998. An attorney acted as agent for the trustee at the sale. The opening bid of $20,323 was submitted by Household. Mr. Mann's successful bid was for $20,324. About a month after the foreclosure sale of the junior deed of trust, the trustee began foreclosure proceedings on the senior deed of trust. The notices for this second sale listed the defaults as failure to make monthly payments and failure to pay general taxes. As required by statute, the notices were sent to the Manns and others and were posted and published. Household was the only bidder at the August 1998 sale of the senior deed of trust.

The Manns made no attempt to enjoin the second sale, but they filed suit in July 1998 alleging negligent misrepresentation and seeking to quiet title or to rescind their transaction. Their complaint alleged that the trustee's notice of sale of the junior deed of trust and the trustee's failure to give notice of the senior deed of trust amounted to misrepresentations that the Manns relied on to their detriment. In particular, they argued that the "effect of sale" language in the trustee's notice led them to believe that the senior deed of trust was satisfied by the foreclosure on the junior deed of trust.

Household and DCBL moved for summary judgment dismissal of the complaint, asserting that the trustee's notice unequivocally limited foreclosure to the junior deed of trust. The defendants also argued that the Manns waived

their right to contest the foreclosure of the senior deed of trust because they did not enjoin the procedure five days before the sale, pursuant to RCW 61.24.130(2). Finding that the trustee's notice complied with the notice form found in RCW 61.24.040; the trial court granted summary judgment and dismissed the complaint.

### NEGLIGENT MISREPRESENTATION

■ On appeal, the Manns contend summary judgment is defeated by questions of fact regarding their justifiable reliance on misrepresentations made by the trustee. Because they do not dispute the essential facts, we review the summary judgment de novo to determine whether the applicable legal principles support the trial court's ruling. *Hatley v. City of Union Gap*, 106 Wn. App. 302, 307, 24 P.3d 444 (2001) (citing *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 66, 837 P.2d 618 (1992)). The key issue is whether the "effect of sale" language in the notice of trustee's sale is misleading and therefore supports an action for negligent misrepresentation.

■■ Washington has adopted the *Restatement (Second) of Torts* elements of negligent misrepresentation:

> "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 180, 876 P.2d 435 (1994) (quoting RESTATEMENT (SECOND) OF TORTS § 552(1) (1977)). The plaintiff must prove each element of the cause of action with clear, cogent, and convincing evidence. *Id.* at 181. In particular, the Manns must prove that they justifiably relied on false information negligently supplied by Household through its trustee. *ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 826, 959 P.2d 651 (1998).

Our threshold concern, consequently, is whether the

notice of trustee's sale contained false and misleading information. RCW 61.24.040 provides that the trustee must send a notice of the foreclosure sale to certain interested parties and must post a notice on the property. The notice must "substantially" follow the form included in the statute. RCW 61.24.040(1)(f). This statutory form contains the exact language used by DCBL in the notice of trustee's sale: "The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property." RCW 61.24.040(1)(f). The Manns contend they understood the "effect of sale" language to mean that the sale of the junior deed of trust would deprive the grantors (the Borups) and all those who hold interest by, through, or under the grantors (including Household) of all the grantors' interest. Thus, they argue, they reasonably believed that the sale of the junior deed of trust extinguished all interests obtained from the Borups, including the senior deed of trust. Case law, statutory provisions, and additional language in the notice of trustee's sale defeat this argument.

▆▆▆▆ Former RCW 61.24.050 (1965) describes the trustee's basic duty at a foreclosure sale: "The deed of the trustee, executed to the purchaser, shall convey the interest in the property which the grantor had or had the power to convey at the time of the execution by him of the deed of trust, and such as he may have thereafter acquired." As noted in *McPherson v. Purdue*, 21 Wn. App. 450, 452, 585 P.2d 830 (1978), the trustee sells only the title he or she receives. In this case, at the time that they executed the junior deed of trust, the Borups had the power to convey only property already encumbered by a senior deed of trust. Accordingly, when the Manns purchased the property at the foreclosure sale of the junior deed of trust, they purchased it with that senior encumbrance. A provision in the notice of trustee's sale informed the Manns that "[t]he sale will be made without warranty, express or implied, regarding title, possession, or encumbrances." CP at 57.

While a nonjudicial foreclosure pursuant to chapter 61.24

RCW extinguishes all junior liens on the same property, *In re Tr.'s Sale of Real Prop. of Upton*, 102 Wn. App. 220, 224, 6 P.3d 1231 (2000), it does not follow that it extinguishes liens that attached before the grantor executed the deed of trust being foreclosed. The trial court here noted with approval the language used in the *Washington Real Property Deskbook* to describe the effect of nonjudicial foreclosures:

> A trustee's sale has the effect of depriving "the grantor or his successor in interest and all those who hold by, through or under him of all of their interest in the property." [Former] RCW 6[1].24.030(6)(i) [1990]. . . . Thus, a nonjudicial foreclosure eliminates all subordinate liens and other interests in the property but has no effect on liens and other interests that are prior to the deed of trust.

4 WASH. STATE BAR ASS'N, REAL PROPERTY DESKBOOK § 48-.10(6)(b)(i), at 48-33 (3d ed. 1996). We agree with the trial court that when the Borups signed the senior deed of trust, there was no junior deed of trust, therefore Household's rights under the senior deed of trust were not taken by, through, or under the grantor of the junior deed of trust. Consequently, the "effect of sale" language in the notice of trustee's sale on the junior deed of trust did not contain false information that would satisfy the elements of a negligent misrepresentation claim. *ESCA*, 135 Wn.2d at 826.

## CONCLUSION

Although chapter 61.24 RCW does not directly address the effect of the sale of a junior deed of trust on a senior deed of trust executed by the same grantor on the same property, it is clear that nonjudicial foreclosure under the statute is intended to convey property as it existed at the time that the grantor executed the deed of trust being foreclosed. The "effect of sale" language here, especially when read with the other provisions in the notice limiting the sale to satisfaction of the obligation secured by the deed

of trust and making no warranties, did not suggest to the Manns that any and all senior deeds of trust or other prior encumbrances were thereby extinguished. The Manns could not justifiably rely on such an interpretation. Accordingly, the trial court properly found that there was no evidence of misrepresentation or material omission by the trustee that would support a complaint of negligent misrepresentation. Because we affirm on this basis, we do not address Household's additional argument that the Manns waived any challenge of the foreclosure on the senior deed of trust by failing to enjoin the sale pursuant to RCW 61.24.130.

Affirmed.

BROWN, A.C.J., and KATO, J., concur.