IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ADAM CORBIT and JILL CORBIT, Husband and Wife, | ) ) ) | No. 36135-7-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| ANDREY SAMOLOVOV, a single person, and LYUDMILA GREBEN, a single person, | ) ) ) ) ) | |
| Appellants. | ) | |

FEARING, J. — Andrey Samolovov and Lyudmila Greben appeal a default order and judgment entered against them. Because they fail to address the validity of the default order and judgment, we affirm the trial court and grant Adam and Jill Corbit reasonable attorney fees and costs incurred on appeal.

FACTS

Appellants Andrey Samolovov and Lyudmila Greben's statement of the case in their opening brief is sparse with facts and lacks any citation to the trial court record in violation of RAP 10.3(a)(5). Therefore, we glean facts from the citations to the record afforded in respondent Adam and Jill Corbit's brief and the findings of fact entered by the trial court.

On October 30, 2017, Adam and Jill Corbit purchased 9522 West Nelson Drive, Nine Mile Falls, from a third party. The Corbits then received and recorded a statutory warranty deed for the property. At the time of closing, the Corbits' escrow agent paid the property's 2015, 2016, and 2017 real property taxes totaling $7,661.99. Without the Corbits' knowledge or consent, Andrey Samolovov and Lyudmila Greben also paid $7,661.99 for the 2015, 2016, and 2017 property taxes on the property before the Corbits' purchase.

The Spokane County Treasurer, having received multiple payments for taxes on the same real property, reimbursed Andrey Samolovov and Lyudmila Greben $7,661.99 on November 9, 2017. Despite the reimbursement, Samolovov and Greben recorded a "Tax Lien Notice" with the Spokane County Auditor on the property on December 5, 2017. On January 2, 2018, the Corbits' attorney sent a letter via certified mail to Samolovov and Greben requesting that they release the lien on the property. Samolovov and Greben refused.

2

On March 26, 2018, the Corbits listed the Nine Mile Falls property for sale. The property's preliminary title commitment reported the Samolovov/Greben "Tax Lien Notice" as an encumbrance on the Corbits' title. The unresolved "Tax Lien Notice" frustrated the Corbits' ability to sell the property.

PROCEDURE

On March 29, 2018, Adam and Jill Corbit filed this action seeking an order quieting title in the Corbits' favor, extinguishing the Samolovov/Greben "Tax Lien Notice" as an encumbrance on the property, and an award of damages for slander of title. The Corbits served Andrey Samolovov and Lyudmila Greben with the summons and complaint by personal service on April 6, 2018. On April 16, 2018, Samolovov and Greben filed a document with the trial court and served a copy on the Corbits' counsel. The responding document states, in its entirety:

> "COMES NOW, ANDREY SAMOLOVOV and LYUDMILA GREBEN, Husband and Wife, to response, representing themselves."

Clerk's Papers (CP) at 30, 144.

On April 26, 2018, the time for answering Adam and Jill Corbit's complaint expired. On April 27, the Corbits filed a motion for default and noted a hearing on their motion for May 11, 2018. On April 30, the Corbits delivered a copy of the motion and notice of hearing to Andrey Samolovov and Lyudmila Greben. On April 30, the trial court rescheduled the default hearing to May 18, 2018, at 11:00 a.m. On May 3, the

Corbits delivered a new notice of hearing with the new hearing date and time to

Samolovov and Greben.

On May 14, 2018, Andrey Samolovov and Lyudmila Greben filed a written

document with the trial court requesting a "Russian independent translator." CP at 31.

The trial court arranged for a translator to be present at the May 18 hearing. On May 18,

2018, at 11:00 a.m., the trial court began the hearing on Adam and Jill Corbit's motion

for default. The Corbits, their counsel, and the translator attended the hearing.

Samolovov and Greben did not appear. During the hearing, the Corbits' counsel

represented to the trial court that the attorney fees and costs incurred through the default

proceedings totaled $2,754.77. An affidavit of Adam Corbit filed with the court on May

7, 2018, confirmed that the Corbits had incurred fees and costs in the amount of

$2,754.77.

Based on its review of the record, the trial court concluded that (1) Adam and Jill

Corbit owned in fee simple the Nine Mile Falls property, (2) the lien filed by Andrey

Samolovov and Lyudmila Greben encumbered the Corbits' property and prevented the

Corbits from closing on the sale of the property, and (3) the Corbits had no alternative but

to resort to litigation to remove the lien. The trial court also concluded that Samolovov

and Greben's April 18 one-page response did not meet the requirements of an answer,

under CR 8(b), because the response failed to respond to or defend the averments

asserted in the Corbits' complaint. The trial court further ruled that Samolovov and

4

Greben received notice of the default hearing, but did not respond to the Corbits' motion for default and failed to appear at the hearing. The trial court entered a default order, an order quieting title in the Corbits' favor, an order declaring slander of title, and a judgment for attorney fees and costs of $2,754.77.

LAW AND ANALYSIS

Substance or Lack Thereof of Appeal

Andrey Samolovov and Lyudmila Greben present this court with an opening brief devoid of RAP 10.3 requirements. Samolovov and Greben's statement of the case provides few facts and lacks references to the procedural aspects of the case in violation of RAP 10.3(a)(5). Their argument section appears in a table of contents format and has no citations to legal authority and references no part of the record in violation of RAP 10.3(a)(6).

The entirety of Andrey Samolovov and Lyudmila Greben's argument reads:

ARGUMENT

VII. THIS CASE IS MUDDED BY QUESTIONS OF AUTHORIZED SIGNATURE
VIII. PAYMENT OF TAXES
IX. IMPROPER CLOSING
X. NOT ADDRESSING
XI. NO BOND WAS PUT IN PLACE
XII. WE HAVE ASKED FOR A COPY OF POWER OF ATTORNEY
XIII. WE HAVE A SIGNED STATEMENT THAT THE SIGNATURE WAS NOT OF THE MOTHER.

Br. of Appellant at 6. They assign no error to the trial court's findings of fact or conclusions of law. Their argument section is preceded by a summary but that summary fails to provide clarity as to what exactly Samolovov and Greben argue. It reads:

> Andrey Samolovov paid three years of property tax for said property.
> The house was going into foreclosure, we were asked by member of family to solve the loss of said home. Funds to be given to "said" party for their efforts on saving the house.
> We put lien by the law.
> The other party did not provide any power of attorney. Without a proper power of attorney and proper dating this would be an invalid sale.

Br. of Appellant at 5. Nowhere do Samolovov and Greben address the validity of the default order entered against them for failing to properly answer the complaint. Finally, and in violation of RAP 10.3(a)(7), Samolovov and Greben do not state the precise relief they seek.

This court does not review errors alleged but not argued, briefed, or supported with citation to authority. RAP 10.3; *Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Meeks v. Meeks*, 61 Wn.2d 697, 698, 379 P.2d 982 (1963); *Avellaneda v. State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012). Therefore, we decline to address whatever issues Samolovov and Greben attempt to raise on this appeal.

Attorney Fees

Pursuant to RAP 18.9(a), Adam and Jill Corbit request an award of attorney fees and costs on appeal against Andrey Samolovov and Lyudmila Greben. In slander of title

actions, attorney fees are recoverable as special damages. *Rorvig v. Douglas*, 123 Wn.2d 854, 861, 873 P.2d 492 (1994). Because Samolovov and Greben slandered the title of the Corbits, we grant the Corbits' request for reasonable attorney fees and costs.

Adam and Jill Corbit also seek an award of reasonable attorney fees and costs against Andrey Samolovov and Lyudmila Greben on the ground that Samolovov and Greben's appeal is frivolous. RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action. *Advocates for Responsible Development v. Western Washington Growth Management Hearings Board*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous if it raised no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists. *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). Because Samolovov and Greben filed a brief in violation of court rules and because the couple failed to raise an understandable or legitimate issue on appeal, we also grant the Corbits reasonable attorney fees and costs on this alternate ground.

## CONCLUSION

We affirm the judgment entered in favor of Adam and Jill Corbit against Andrey Samolovov and Lyudmila Greben. We grant the Corbits reasonable attorney fees and costs incurred on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, C.J.